UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Roger Jollis,<br><br>               Plaintiff,<br>v.<br><br>Capital Advance Solutions, LLC; and DOES 1-10, inclusive,<br><br>               Defendants. | Civil Action No.: _____ |

## COMPLAINT

For this Complaint, the Plaintiff, Roger Jollis, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Roger Jollis ("Plaintiff"), is an adult individual residing in Leawood, Missouri, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Capital Advance Solutions, LLC ("CAS"), is a New Jersey business entity with an address of 1715 NJ-35, Middletown, New Jersey 07748, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual collectors employed by CAS and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. CAS at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last four years, CAS called Plaintiff's cellular telephone, number 970-xxx-6534, in an attempt to solicit its products and services to Plaintiff.

8. At all times mentioned herein, CAS contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered the calls from CAS, he heard a prerecorded message advising Plaintiff that he qualified for business loan.

10. Plaintiff does not have an account with CAS.

11. Plaintiff has no business relations with CAS and never requested by an agreement or otherwise that he be contacted.

12. Plaintiff never provided his cellular telephone number to CAS and never provided his consent to CAS to be contacted on his cellular telephone.

13. On several separate occasions, Plaintiff spoke with CAS in an effort to get the calls to stop. Plaintiff advised CAS that he was not interested in obtaining a business loan, and as such, demanded that all calls to him cease immediately.

14. Nonetheless, CAS continued to place automated calls to Plaintiff's cellular telephone.

## **COUNT I**

## **VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ*.**

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17. Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

18. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

19. Defendants continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Defendants was and is assigned to a cellular telephone serviced by AT&T for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

22. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

24. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 19, 2017

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Phone: (917) 981-0849
Fax:    (888) 953-6237