**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ROGER JOLLIS,

Plaintiff,

v.

CAPITAL ADVANCE SOLUTIONS, LLC,

Defendant.

Civil Action No. 17-3579 (FLW) (LHG)

**ORDER and JUDGMENT**

**THIS MATTER** having been opened to the Court by Sofia Balile, Esq., counsel for Plaintiff Roger Jollis ("Plaintiff"), on a motion for default judgment against Defendant Capital Advance Solutions, LLC ("Defendant" or "CAS"), pursuant to Fed. R. Civ. P. 55(b)(2); it appearing that the Complaint in this matter was filed on May 19, 2017, seeking damages resulting from alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"); it appearing that Defendant failed to answer or otherwise respond to the Complaint; it appearing that default was entered against Defendant by the Clerk of the Court on September 26, 2017, for Defendant's failure to plead, answer, or otherwise defend in this action; it appearing that, on January 16, 2018, Plaintiff moved for default judgment; it appearing that Defendant, having been duly served, has failed to oppose or otherwise respond to the motion; the Court, having reviewed Plaintiff's submissions in connection with its motion, makes the following findings:

(1) In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk default has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether

the claim is for a sum certain." *Id.* The Third Circuit has explained that while the entry of default judgment "is largely within a district court's discretion, three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

(2) "[T]o state a cause of action under the TCPA, a plaintiff must allege: '(1) that the defendant called the plaintiff's cellular telephone; (2) using an [automatic telephone dialing system]; (3) without the plaintiff's prior express consent.'" *Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (quoting *Leon v. Target Corp.*, No. 15-01, 2015 WL 1275918, at *2 (M.D. Pa. Mar. 19, 2015)).

(3) The Complaint alleges that Defendant used an automated telephone dialer system and/or an artificial or prerecorded voice to call Plaintiff's cellular telephone in an attempt to solicit its products and services. Complaint at ¶¶ 7–8.

(4) The Complaint further alleges that Plaintiff provided Defendant neither his cellphone number nor his consent to be contacted. *Id.* at ¶ 12. In fact, Plaintiff alleges that he spoke with Defendant's representative on several separate

occasions, and demanded that all calls to him cease immediately, but that Defendant continued to place the automated calls. *Id.* at ¶¶ 13–14. Plaintiff alleges that between February 2015 and November 2016, Defendant placed over thirty (30) automated calls to his cellular telephone. Declaration of Roger Jollis in Support of Motion for Default Judgment ("Jollis Decl."), dated January 16, 2018, at ¶ 3.

(5) Based on the foregoing, at this time, Plaintiff has sufficiently demonstrated that Defendant, in calling Plaintiff's cellular telephone over 30 times using an automated telephone dialer system and/or an artificial or prerecorded voice, without Plaintiff's consent, violated the TCPA.

(6) With regard to damages, under the TCPA, a plaintiff is entitled "to receive $500 in damages for each…violation." 47 U.S.C. § 227(b)(3)(B). Further, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *Id.* § 227(b)(3).

(7) In order to show that a violation of the TCPA is willful or knowing, and, thus, receive treble damages, a plaintiff must demonstrate "volitional conduct for each element of liability"—that is, the violator must have known he was performing conduct that violates the statute. *Manuel v. NRA Grp., LLC*, 200 F. Supp. 3d 495, 502 (M.D. Pa. 2016), *aff'd*, 722 F. App'x 141 (3d Cir. 2018); *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir.

2015). When a plaintiff asserts that he notified a defendant that he did not consent to the calls, only those calls that continue after the notification may be deemed willful or knowing. *See King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D.N.Y. 2015) ("[Defendant] had knowledge through its agent that [plaintiff] did not consent to further robo-calls. Therefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate."); *see also Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012) (holding that only calls made after "the date that Plaintiff notified Defendants that they were calling the wrong number" "were willful, or made with a reckless disregard to Plaintiff's rights").

(8) In its motion for default judgment, Plaintiff seeks treble damages of $1,500.00 for each automated call placed in violation of the TCPA, for a total damages award of $45,000.00. In the alternative, should the Court find treble damages not appropriate, Plaintiff asks for statutory damages of $500.00 for each violation, for a total damages award of $15,000.00.

(9) Based on the foregoing, although Plaintiff has alleged that he contacted Defendant and demanded that the calls stop "on several separate occasions," Compl., at ¶ 13, Plaintiff has not stated *when* he first contacted Defendant, and thus, has not provided the Court with any facts to determine which of Defendant's calls were willful or knowing.

(10) Thus, the Court declines to award treble damages and will instead award $15,000.00, or $500.00 for each of the 30 violations that Plaintiff has alleged that Defendant committed.

Accordingly, the Court having reviewed Plaintiff's submissions in connection with the motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 14th day of August, 2018,

**ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**; and it is further

**ORDERED** and **ADJUDGED** that Defendant is liable to Plaintiff in the amount of $15,000.00; and it is further

**ORDERED** that this case shall be marked as **CLOSED**.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge